CV-08-4737

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2008 ★
BROOKLYN OFFICE

**DESIREE VAUGHAN, Individually, and on Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**v.**

**MORTGAGE SOURCE LLC. and MICHAEL J. LEDERMAN,**

**Defendants.**

**Case No.**

**ECF Case**

WEXLER, J

TOMLINSON, M.J.

**COMPLAINT**

Plaintiff Desiree Vaughan ("Vaughan"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, for her Complaint against Defendants Mortgage Source, LLC and Michael J. Lederman ("Defendants"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Wage and Hour Law, and the New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et. seq.* ("New York Labor Articles") to recover unpaid minimum wages and overtime compensation and for other relief. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff Vaughan is a former loan officer employed by Defendants who had been subjected to Defendants' illegal compensation practices.

6. Plaintiff was employed by Defendants as a loan officer in Nassau County, New York within the last three years.

7. Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff's written consent to become party Plaintiff is attached as Exhibit A.

8. Defendants provide mortgage banking services to consumers in the State of New York ("New York").

9. At all relevant times, Mortgage Source LLC has been an employer as defined by the FLSA and the New York Labor Articles.

10. At all relevant times, Defendant Michael J. Lederman has been the President of Mortgage Source, LLC. In this capacity, Lederman exercised operational control over Mortgage Source; controlled significant business functions of Mortgage Source; determined employee salaries and made hiring decisions; and acted on behalf of and in the interest of Mortgage Source in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Mortgage Source Loan Officers challenged in this Complaint. As such, at all relevant times,

Defendant Lederman has been an employer under the FLSA and the New York Wage and Hour Law.

11. This Court has personal jurisdiction over Defendants under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

(a) Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, maintaining, possessing, and operating offices within New York; selling mortgage-related financial goods and services within New York to New York residents and others; and entering into contracts with individuals (including loan officers) within New York to provide employment services at its New York offices.

(b) The statutory violations alleged herein involving loan officers who have worked at Mortgage Source's New York offices have arisen directly from, and are substantially related to, Mortgage Source's transacting of business and contracting within New York, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiffs Vaughan, Surace and other loan officers at Mortgage Source's New York offices.

(c) Defendants has committed the statutory violations alleged herein involving loan officers who have worked at Mortgage Source LLC within New York; and Mortgage Source has regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and served rendered, within New York; used and possessed real property within New York; and derived substantial revenue from interstate commerce.

## FACTS

12. Defendants operate a mortgage brokerage company that has been operating in the mortgage business for at least the past six years.

13. Plaintiff Vaughan and all other similarly situated persons are current and former loan officers who have been employed by Defendants.

14. All loan officers employed by Defendants during the applicable limitations periods have had essentially the same job duties.

15. Pursuant to Defendants' uniform written company-wide polices and procedures, Plaintiff's primary duty was to sell residential mortgage loans.

16. Defendants employed other individuals whose primary duty had been to sell residential mortgage loans (hereinafter referred to as "loan officers").

17. Defendants have employed other loan officers who have performed the same or similar duties as Plaintiff Vaughan.

18. Defendants managed Plaintiff's employment as well as all other loan officers' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies of Mortgage Source LLC.

19. Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

20. Per Defendants' uniform company-wide policies, Plaintiff and all similarly situated loan officers have been compensated primarily on commission basis.

21. Per Defendants' uniform company-wide policies, Plaintiff and all similarly situated loan officers did not receive a guaranteed salary.

22. At all relevant times, Plaintiff and all similarly situated loan officers routinely worked in excess of 40 hours per week without receiving overtime compensation. Plaintiff and the similarly situated loan officers were required to arrive early and work late. They frequently worked on weekends.

23. At no time has Plaintiff or any other similarly situated loan officer been paid for the overtime hours they worked.

24. In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants has not properly paid Plaintiff overtime compensation during their employment.

25. In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants have not properly paid overtime compensation to any other similarly situated loan officers.

26. During the statutory period, Plaintiff and the similarly situated loan officers routinely worked hours as loan officers for which they were not paid the minimum wage.

27. Neither Plaintiff nor the similarly situated loan officers have been required to record their time worked, and Defendants failed to maintain accurate time records as required by the FLSA and the New York Labor Articles.

## GENERAL ALLEGATIONS

28. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

29. Plaintiff Vaughan, individually, and on behalf of all similarly situated current and former employees of Defendants, including their subsidiaries and affiliated companies, brings this action as a national collective class action under the FLSA to recover, *inter alia*, unpaid minimum wages and overtime compensation, liquidated damages, and statutory penalties owed to Plaintiff

and all other similarly situated loan officers employed by, or formerly employed by, Defendants, including their subsidiaries and affiliated companies.

30. Defendants' routine practice of failing to pay Plaintiff and all similarly situated employees minimum wages and overtime compensation when these employees worked in excess of 40 hours per week violates the FLSA and the New York Labor Articles.

31. Defendants failed to pay overtime wages to Plaintiff and other similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from overtime requirements.

32. As a result of this unlawful practice, Plaintiff and the similarly situated employees have suffered a loss of wages.

**COLLECTIVE ACTION ALLEGATIONS OF THE FLSA CLASS OF LOAN OFFICERS**

33. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

34. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of herself and the following class of persons:

> All persons who worked as Mortgage Source LLC loan officers or any other similarly titled position at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

35. Plaintiff and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid minimum wages and overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; been required to work without payment of minimum wages, and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

36. Defendants has encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work more 40 hours per week without overtime compensation.

37. Defendants have known that Plaintiff and other members of the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

38. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO PAY MINIMUM WAGES**

39. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

40. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

41. Defendants routinely and regularly failed to pay class members the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a). As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

**COUNT II**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO PAY OVERTIME**

42. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

44. Defendants are subject to the overtime pay requirements of the FLSA because Mortgage Source LLC is an enterprise engaged in commerce and its employees are engaged in commerce.

45. At all times material to this action, Plaintiff and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et. seq*.

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

47. By the above-alleged conduct, Defendants violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

48. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA, 29 U.S.C. §207(a)(1) of the FLSA. None of the FLSA's overtime exemptions apply to Plaintiff or the other members of the FLSA Class because, *inter alia*, they have not been paid on a salary basis and have not otherwise met the requirements for coverage under any exemptions. Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

49. Plaintiff and the other members of the FLSA Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA Class and has deprived them of overtime compensation.

50. In the course of perpetrating these unlawful practices, Defendants have failed to keep accurate records of all hours worked by loan officers.

51. Defendants has acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

52. Plaintiff Vaughan also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and on behalf of all other members of the FLSA Class who, during the relevant statute of limitations period, have worked as loan officers at any of Mortgage Source LLC's offices in New York, with respect to the claims pleaded in Counts III and IV of this Complaint.

53. Fed. R. Civ. P.23(b)(3) provide that a cause of action may be maintained as a class action if:

a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d) The representative parties will fairly and adequately protect the interests of the class; and,

e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

54. Plaintiff seeks certification of a class consisting of:

All persons who have worked as Mortgage Source LLC loan officers or similarly titled positions, at any of Mortgage Source LLC's offices within the State of New York during the statutory period ("New York Class").

**Numerosity**

55. Plaintiffs satisfy the numerosity requirements as the proposed classes consist of hundreds of class members. The proposed classes can be identified and located using Mortgage Source LLC's payroll and personnel records. Therefore, the classes are so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

**Common Questions of Fact or Law**

56. There are questions of fact and law common to each class that predominate over any questions affecting only individual members. The questions of law and fact common to each class arising from Defendants' actions include, without limitation, the following:

a) Whether the class members have qualified for exempt status;

b) Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

c) Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

d) Whether loan officers have been uniformly classified as exempt;

e) Whether Defendants failed to pay its loan officers a guaranteed salary;

f) Whether Defendants failed to pay Plaintiff and class members all compensation due to them;

g) Whether Defendants failed to pay its loan officers the requisite minimum wage;

h) Whether Plaintiffs were expected or required to work in excess of 40 hours per week;

i) Whether Plaintiffs regularly worked in excess of 40 hours per week;

j) Whether Defendants kept accurate records of actual loan officer time worked;

k) Whether Defendants required Plaintiffs to falsify their own time records by recording only 40 hours per week even though they regularly worked in excess of 40 hours per week to avoid paying them overtime wages and other benefits;

l) Whether Defendants' practice violated the overtime provisions of the New York Labor Articles;

m) Whether Defendants' failure to pay overtime has been willful, and whether it has been undertaken in good faith; and,

n) Whether Plaintiff and members of the classes have suffered damages and what the proper measure of those damages is.

57. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

**Typicality**

58. Plaintiff's claims are typical of the claims of the class members. Named Plaintiff suffered similar injuries as those suffered by other members of the respective classes they seek to represent as a result of Defendants' failure to pay overtime compensation.

**Adequacy**

59. Plaintiff is an adequate representative of the class she seeks to represent because she is a member of such class, and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

**Superiority**

60. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR §§138-2.1 *et seq.***
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

61. Plaintiff repeats and re-alleges all the allegations set forth in each of the paragraphs above.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652. As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR §§138-2.1 *et seq.***
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

64. Plaintiff repeats and re-alleges the allegations set forth in each of the paragraphs above.

65. New York law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. 12 NYCRR§142-2.2.

66. By the above-alleged conduct, Defendants failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

67. Plaintiff and the other members of the New York Class are and were not exempt from the overtime provisions of the New York Labor Articles, because, *inter alia*, they have not been paid on a salary basis, and they have not met the requirements for any exemptions. Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

68. Loan officers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

69. Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of overtime compensation.

70. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by loan officers in violation of the New York Labor Articles.

71. Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Articles, and Defendants have not acted in good faith with respect to the conduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order Defendants to file with this Court and furnish to counsel a list of all FLSA Class Members;

B. Authorize Plaintiff's counsel to issue notice at the earliest possible time to FLSA Class Members, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Certify the New York Class under Fed. R. Civ. P. 23(b)(3);

D. Declare and find that Defendants committed one or more of the following acts:

   i. Willfully violated the minimum wage provisions of the FLSA and the New York Labor Articles;

   ii. Willfully violated the overtime provisions of the FLSA and the New York Labor Articles;

E. Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

F. Award liquidated damages on Plaintiff's FLSA claims only. Plaintiffs specifically waive any claims to liquidated damages under the New York Labor Articles;

G. Award interest on all overtime compensation due accruing from the date such amounts were due;

H. Award all costs and attorney's fees incurred in prosecuting this action;

I. Grant leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

J. Provide such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand trial by jury.

Dated: November 20, 2008

Respectfully Submitted

Erik H. Langeland (EL-7512)
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

# EXHIBIT A

***Vaughan v. The Mortgage Source LLC***

**Complete and Mail To:**
**Erik H. Langeland, P.C.**
Attn: Mortgage Source Class Action
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)

**CONSENT TO JOIN COLLECTIVE ACTION**

By signing below, I state that I have been employed by The Mortgage Source LLC, or one of its subsidiaries or affiliates as a Loan Officer, or other similarly titled position within the past three (3) years and that I: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29U.S.C. Sec. 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. and STEPHAN ZOURAS, LLP ("Plaintiffs' Counsel") and other attorneys with whom they may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

11/14/08
Date

[signature]
Signature

DESIREE VAUGHAN
Print Name

REDACTED
Address

REDACTED
City, State, Zip Code

REDACTED
Telephone Number(s)

REDACTED
Email Address

May '06 – Sept '06
Dates of Employment at Mortgage Source

***Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.***